The Honorable

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KING COUNTY, A WASHINGTON MUNICIPAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> OLD REPUBLIC INSURANCE COMPANY, A FOREIGN CORPORATION <br><br> Defendant. | CASE NO. <br><br> COMPLAINT <br><br> (JURY DEMAND) |

PARTIES

1.1   King County is a Washington Municipal Corporation.

1.2   Old Republic Insurance Company ("Old Republic") has its home office in Greensburg, Pennsylvania and Executive offices in Chicago, Illinois.

JURISDICTION

2.1   The court has subject matter jurisdiction over this action for a declaratory judgment pursuant to 28 U.S.C. § 2201, because an actual justiciable controversy exists between the parties within the court's jurisdiction, as described more fully herein.

2.2   The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and the action is between citizens of different states.  The jurisdiction amount is satisfied because, as described more fully herein,

COMPLAINT - 1
CASE NO.
#985698 v2 / 09935-178

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

plaintiff seeks to recover the costs of defending the "Underlying Action," which involved a death by strangulation as described below, the payment on its behalf of any judgment or settlement in Underlying Action, the costs and fees of this action, and treble damages under RCW 48.30.015.

2.3     The court has personal jurisdiction over each insurer defendant because Old Republic is authorized to do, and does, business in the State of Washington.

2.4     Venue is proper pursuant to 28 U.S.C. § 1391(a) because the underlying civil action (described more fully herein) and the events from which that action arose, took place in King County, Washington, which is within the judicial district of the United States District Court for the Western District of Washington.

## FACTS

3.1     King County entered into a contract under which KONE, Inc. was to provide escalator repair and maintenance services. The elevator involved in the events described below was one of these escalators.

3.2     This contract provided at paragraph 4.7: "[King] County, its officers, official, employees and agents are to be covered as additional insureds as respects liability arising out of activities performed by or on behalf of the Contractor in connection with this contract. Use the above exact language on the Endorsement Form."

3.3     King County and KONE, Inc. were sued by Vonteecesa Evans Bell, personal representative of the Estate of Maurecio Bell for the death of Mauricio Bell that occurred on April 7, 2013. *See Vonteecesa Evans Bell, personal representative of the Estate of Maurecio Bell v. King County and KONE, Inc.,* King County Cause No. 15-2-02139-7 SEA, hereinafter "Underlying Action."

3.4     The complaint in Underlying Action alleges, in part, that "safety records do not confirm that King County's maintenance personnel changed the comb-teeth at the bottom of the escalator following the June 2012 incident. [This was a prior incident.] Missing comb-teeth magnifies the known and existing risk that objects, footwear, and clothing can become trapped in the moving escalator." The plaintiff also alleges that King County had a duty to maintain the safety of its

COMPLAINT - 2
CASE NO.
#985698 v2 / 09935-178

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

escalators and that "as a direct and proximate result of the defendants' negligence … Mr. Bell sustained pain and suffering … before his death."

3.5    By letter dated February 3, 2015, King County tendered Underlying Action to Old Republic for defense and indemnity.

3.6    As of May 14, 2015, Old Republic has not acknowledged and otherwise responded to King County's letter.

3.7    Old Republic's failure to respond and accept King County's tender is a breach of its contract of insurance to provide coverage to King County as an Additional Insured; and its conduct violated WAC 284.30.360 (1) & (3);  284.30.330 (2) & (3); 284.30.370 and 284.30.380.

3.8    On May 14, 2015, King County completed and sent an Insurance Fair Conduct Act 20 Day Notification Sheet via Certified Mail to Office of Insurance Commission.  A copy of same was sent to Old Republic.

3.9    More than twenty-three days have passed since this Notification Sheet was sent, and Old Republic has not agreed to accept King County's tender of Underlying Action for defense and indemnity.

3.10   Meanwhile, King County has been defending itself in Underlying Action, incurring fees, costs and expenses that Old Republic has a duty to pay.

CLAIMS FOR RELIEF

DECLARATORY JUDGMENT

4.1    The foregoing allegations are incorporated by reference.

4.2    An actual controversy exists between King County and Old Republic concerning the rights and obligations of this insurer under its policy or policies applicable to this matter.  King County is entitled to a declaration regarding Old Republic's obligations, to a declaration that claims asserted against King County in Underlying Action are covered by Old Republic's policy or policies, and to a declaration that Old Republic owes a defense and indemnity to King County.

4.3    King County also seeks a declaration that Old Republic's acts, omissions, and breaches cannot be excused, and it is estopped from denying coverage for any settlement, judgment, or

COMPLAINT - 3
CASE NO.
#985698 v2 / 09935-178

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

award entered into or assessed against King County; that Old Republic may not allocate between covered and uncovered claims; and that Old Republic must fully reimburse King County for the fees, costs, expenses incurred by it in the Underlying Action.

### BREACH OF CONTRACT

5.1 The foregoing allegations are incorporated by reference.

5.2 Old Republic has a contractual obligation to King County as its additional insured that includes, but is not limited to, a duty to defend King County in Underlying Action.

5.3 By failing to timely accept King County's tender of defense, and by not responding, Old Republic has breached its contractual obligations to King County as its additional insured.

5.4 Such breach has caused damages to King County that include, but are not limited to, the fees, costs and expenses King County has incurred and will incur in Underlying Action. These expenses are reasonably expected to exceed $75,000.

### NEGLIGENCE

6.1 The foregoing allegations are incorporated by reference.

6.2 Old Republic owes King County common law duties to King County, including the obligation to handle its claim with reasonable care, and the obligation to fairly and promptly conduct an appropriate investigation.

6.3 Old Republic breached its duties, resulting in actual harm and consequential damages to King County in an amount to be proven at the time of trial.

### EXTRA-CONTRACTUAL LIABILITY / BAD FAITH / AND VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT

7.1 The foregoing allegations are incorporated by reference.

7.2 Old Republic owes statutory—RCW 48.01.030; regulatory—WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380; and common law duties to King County. These include, but are not limited to, the duty of good faith and fair dealing, the obligation to consider King County's interests equally with its own, to broadly construe the duty to defend, to

COMPLAINT - 4
CASE NO.
#985698 v2 / 09935-178

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

conduct a prompt, fair and adequate investigation, to timely respond to pertinent communications, and to act with honesty and lawful purpose, among others.

7.3   Old Republic has breached each of these duties, rendering it liable for the tort of bad faith.

7.4   In addition, Old Republic's conduct constitutes *per se* and *non per se* violations of Washington's Consumer Protection Act, RCW 19.86 *et seq*.

7.5   King County has been harmed in its business or property and otherwise damaged by the conduct of Old Republic.  The amount of King County's damages include past and future defense fees and costs, any indemnity that may be the subject of a judgment or settlement, and such other damages as may be proved at trial.

7.6   As further consequence of its conduct, Old Republic has forfeited all rights to deny coverage, is estopped from doing so, and is therefore liable for the full amount of any judgment or reasonable settlement under which King County is liable to pay plaintiff in Underlying Action.

INSURANCE FAIR CONDUCT ACT  RCW 48.18.015

8.1   The foregoing allegations are incorporated by reference.

8.2   More than 23 days have passed since King County gave notice to Old Republic of its breaches of RCW 48.30.015 for unreasonably denying coverage for a claim, and of WAC regulations WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380.

8.3   King County has been damaged as a result of Old Republic's conduct.  The amount of King County's damages include past and future defense fees and costs, any indemnity that may be the subject of a judgment or settlement, and such other damages as may be proved at trial. Under this Act, King County seeks and is entitled to treble damages and attorney fees.

PRAYER FOR RELIEF

WHEREFORE, King County prays for the following relief:

1. For a declaration consistent with the allegations herein;

COMPLAINT - 5
CASE NO.
#985698 v2 / 09935-178

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

...

2. For an award of all money damages legally available as a result of Defendant's breaches, acts, and omissions;

3. For an award of damages recoverable under Washington's Consumer Protection Act, RCW 19.86;

4. For an award of treble damages under RCW 48.30.015(2);

5. For an award of all costs taxed against King County with respect to the claims asserted in this complaint;

6. For an award of pre- and post-judgment interest to the extent allowed by law;

7. For an award of attorney's fees and other costs of litigation recoverable under applicable statutes and common law, including but not limited to RCW 19.86.090, RCW 48.30.015(3), and *Olympic Steamship Inc. v. Centennial Ins. Co.,* 117 Wn. 2d 37 (1991); and

8. For all such other relief this Court deems just and equitable.

Dated this 31st day of August, 2015.

*s/ Jacquelyn A. Beatty*
Jacquelyn A. Beatty, WSBA#17567

**KARR TUTTLE CAMPBELL**
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone:  206-223-1313
Facsimile:  206-682-7100
Email:  Atty1
Email:  Atty2

*Attorneys for King County*

COMPLAINT - 6
CASE NO.
#985698 v2 / 09935-178

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100
COMPLAINT - 6
CASE NO.
#985698 v2 / 09935-178

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100